UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY SORIANO,<br>        Petitioner,<br>    v.<br>W. Z. JENKINS,<br>        Respondent. | Case No. 18-cv-06648-WHO (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Shirley Soriano seeks federal habeas relief under 28 U.S.C. § 2241 from a prison disciplinary decision. The petition for such relief states cognizable claims. Accordingly, on or before **April 22, 2019**, respondent shall file an answer or a dispositive motion in response to the habeas petition.

## BACKGROUND

Soriano is a federal prisoner who was convicted in Los Angeles and is housed at FCI-Dublin. In 2018, her jailors found her guilty of the unauthorized use of email and the telephone. As punishment, Soriano lost various privileges and 14 days of time credit.

**DISCUSSION**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Soriano challenges on due process grounds the prison disciplinary decision and its attendant punishment. When liberally construed, she has stated claims for relief.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the United States Attorney General. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **April 22, 2019**, respondent shall file with the Court and serve on petitioner, an answer showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.

3. If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **April 22, 2019**, a motion to dismiss on procedural grounds. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid.

**IT IS SO ORDERED.**

**Dated:**  February 20, 2019



WILLIAM H. ORRICK
United States District Judge