UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY SORIANO,<br>　　　　Petitioner,<br>　v.<br>W. Z. JENKINS,<br>　　　　Respondent. | Case No. 18-cv-06648-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 10 |

## INTRODUCTION

This 28 U.S.C. § 2241 federal habeas action is DISMISSED upon respondent's motion because petitioner Shirley Soriano did not exhaust her administrative remedies and she has not shown that exhaustion should be excused. Her argument that the process would have been futile is contradicted by the record, which shows that the administrative process after she received her disciplinary decision on September 21, 2018, would have been completed well prior to any transfer to a halfway house (which occurred by June 5, 2019).

## BACKGROUND

Soriano was a federal prisoner housed at FCI-Dublin when she filed suit. (Pet., Dkt. No. 1 at 1.) She was serving a 30-month sentence for convictions under 42 U.S.C. § 1320a-7b(b)(2)(A) (Illegal Remunerations for Health Care Referrals). (MTD, Dkt. No. 10 at 3.) Her projected release date was October 28, 2019. (*Id.*)

In September 2018, she was found guilty of violating prison rules regarding the use of mail and the telephone. (*Id.* at 2; Mot. to Dismiss (MTD), Dkt. No. 10 at 3.) A 14-day loss of good conduct time was imposed, along with the loss of various privileges. (Pet.,

Dkt. No. 1 at 1.) She was informed that she had the right to appeal the disciplinary decision. (MTD, Dkt. No. 10 at 5.) She did not. (Opp., Dkt. No. 11 at 1.) She feared that participating in the exhaustion process would take too long and result in the delay by two weeks of her transfer to a halfway house. (*Id.* at 1-2.)

At least as of June 5, 2019, Soriano's custody was transferred from FCI-Dublin to a halfway house in Los Angeles. (Soriano Letter, Dkt. No. 13.)

## STANDARD OF REVIEW

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## DISCUSSION

There is no doubt that Soriano did not exhaust her administrative remedies. She argues that the exhaustion obligation should be excused for futility. She believes that "she would likely be released [to a halfway house] prior to the finality of the administrative process," (Opp., Dkt, No. 11 at 1-2), a process she asserts takes "more than five months" to complete, (*id.* at 2). A court ruling in her favor, should exhaustion be excused and the disciplinary decision voided, would have accelerated her transfer to a halfway house by two weeks (from May 28-June 28 to May 14-June 14). (*Id.* at 1-2.) As it happened, the transfer occurred at least by June 5, 2019, the date of a letter from her to the Court informing it of her new address. That date was within her requested range (May 14 to June 14) and the later range. (Dkt. No. 13.)

Respondent contends that Soriano's futility argument "misplaced." (Reply, Dkt. No. 12 at 4.) I agree. Assignment to a Residential Reentry Center such as a halfway house is "completely discretionary and generally not subject to judicial review." (*Id.*) Moreover, there is no support for her assertion that the review process would have taken too long. (*Id.* at 4-5.) The disciplinary decision was issued on September 21, 2018. If one accepts

2

her assertions, the review process would have been completed five months later, on February 21, 2019, roughly three months before her projected halfway house transfer dates.

Section 2241 does not require that a habeas petitioner exhaust administrative remedies prior to filing suit. But the Ninth Circuit does "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) (abrogated on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). "Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Id.*

"[T]here are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)). "Specifically, exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2nd Cir. 2003)).

Soriano has not shown a good reason for her failure to exhaust. If one credits her assertions regarding exhaustion, administrative review would have been completed well before her projected halfway house transfer date. She has not shown that the available remedies would not have provided a genuine opportunity for adequate relief, or that irreparable injury might have occurred, or that the process would have been futile, or that she raised a substantial constitutional question. Indeed, any injury she suffered is not apparent. She was transferred to the RRC on June 5, 2019, within the date range she

3

wanted. Because residential reentry placement is discretionary, there has been no showing that a court ruling in her favor — had exhaustion been excused — would have accelerated her halfway house placement date.

## CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. The petition is DISMISSED. The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** December 6, 2019



WILLIAM H. ORRICK
United States District Judge